Julianne P. Blanch (6469)
John A. Snow (3125)
Tsutomu L. Johnson (13763)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
JBlanch@parsonsbehle.com
JSnow@parsonsbehle.com
TJohnson@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Holland & Knight, LLP*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SORENSON IMPACT FOUNDATION, and JAMES LEE SORENSON FAMILY FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL STOCK TRANSFER & TRUST, TASSEL PARENT, INC. and HOLLAND & KNIGHT, LLP,<br><br>Defendants. | **NOTICE OF REMOVAL**<br><br>Case No. 2:20-cv-00521-CMR |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Holland & Knight, LLP ("H&K") hereby removes the above-captioned action from the Third Judicial District Court for Salt Lake County, State of Utah, where it is currently pending, to the United States District Court for the District of Utah.

As grounds for removal, Defendant H&K states as follows:

## I.   INTRODUCTION

1. On June 2, 2020, Plaintiffs Sorenson Impact Foundation and James Lee Sorenson Family Foundation ("Plaintiffs") commenced a civil action in the Third Judicial District Court for Salt Lake County, State of Utah, by filing a Complaint and Summons against Defendants. The action is captioned *Sorenson Impact Foundation et al. vs. Continental Stock Transfer et al.* Case No. 200903637 (the "State Court Action").

2. On July 2, 2020, H&K accepted service of the Complaint and Summons. Pursuant to 28 U.S.C. § 1446(a), a copy of all the process, pleadings, and orders served upon or received by H&K, or that, based on H&K's information and belief, have been filed in the State Court Action, are attached as Exhibit A.

3. Defendants Continental Stock Transfer & Trust and Tassel Parent, Inc. consent to this removal and will file a notice of joinder shortly.

4. Plaintiffs assert five causes of action against defendants H&K, Continental Stock Transfer & Trust, and Tassel Parent, Inc. (collectively "Defendants") based on their allegations that Defendants were responsible for the inadvertent conveyance of certain funds to a malicious third-party bank account. *See generally id.* Plaintiffs allege that they "have suffered damages in at least the sum of $3,124,940.26." *Id.* ¶ 153. Plaintiffs also seek special and exemplary damages and attorney fees. *Id.,* Prayer for Relief, ¶¶ 2-3.

## II.   GROUNDS FOR REMOVAL

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiffs and Defendants, and the amount

in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

6. For purposes of removal (and without waiving H&K's rights related to venue and jurisdiction),[1] venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because the state court where this action is pending is located in this district.

A. **There is Complete Diversity of Citizenship Between the Parties**

7. Plaintiffs assert that plaintiff Sorenson Impact Foundation is a Utah corporation with its principal place of business in Salt Lake County, Utah, and plaintiff James Lee Sorenson Family Foundation is a non-profit trust organized in the State of Utah. (Ex. A, ¶¶ 1-2.)

8. H&K has not received any indication that Plaintiffs' domicile has since changed, and it is informed and believes that as of the date of filing this Notice of Removal, Plaintiffs are citizens of Utah for all relevant purposes.

9. H&K is a Florida limited liability partnership headquartered in Tampa, Florida.

10. H&K has both equity and nonequity partners. *See* Declaration of Michael L. Chapman attached as Exhibit B ("Chapman Decl.") at ¶ 4.

11. The citizenship of H&K's nonequity partners is not considered for diversity purposes because the nonequity partners do not have capital in H&K, do not otherwise hold any interest in the assets of H&K, do not vote on the election of officers or directors of H&K, cannot vote with respect to amendments of the Partnership Agreement, and are not liable for H&K's liabilities.[2] *See* Chapman Decl. at ¶ 5.

---

[1] By filing this Notice of Removal, H&K does not waive any defenses, including, without limitation, any defenses specified in Federal Rule of Civil Procedure 12.

[2] Generally, the citizenship of a LLP is determined by the citizenship of all its partners. *Carden v. Arkoma*

12. H&K has determined that none of its equity partners was a resident of Utah at the time the Complaint was filed or at the time of removal.[3] *See* Chapman Decl. at ¶ 6.

13. H&K is thus a citizen of Florida for all relevant purposes.

14. Plaintiffs allege that Defendant Continental Stock Transfer & Trust Company is a New York corporation ("Continental").

15. Upon information and belief, Defendant Tassel Parent, Inc. is a Delaware Corporation with no business operations.

16. Pursuant to 28 U.S.C. § 1332(a)(3), complete diversity exists between the parties.

**B.    The Amount in Controversy is in Excess of $75,000**

17. Plaintiffs allege that they "have suffered damages in at least the sum of $3,124,940.26." *Id.* ¶ 153. Plaintiffs also seek special and exemplary damages and attorney fees, costs, and expenses. *Id.* Prayer for Relief, ¶¶ 2-3.

---

*Assocs.*, 110 S. Ct. 1015 (1990). However, if a non-equity partner of a partnership does not qualify as a partner under applicable state law, the individual's citizenship may be disregarded for diversity purposes. *See Morson v. Kreindler & Kreindler, LLP*, 616 F.Supp.2d 171, 173 (D. Mass. 2009); *Fameco Real Estate, L.P. v. Bennett*, No. CIV.A. 12-06102 JAP, 2013 WL 1903490, at *4 (D.N.J. May 7, 2013); *Passavant Memorial Area Hospital Ass'n v. Lancaster Pollard & Co.*, 2012 WL 1119402 (C.D. Ill. Apr. 3, 2012). Under Florida law, a partnership is created only where "both parties contribute to the labor or capital of the enterprise, have a mutuality of interest in both profits and losses, and agree to share in the assets and liabilities of the business." *Dreyfuss v. Dreyfuss*, 701 So. 2d 437, 439 (Fla. Dist. Ct. App. 1997). These requirements are strictly construed and the absence of even one is fatal to the finding of a partnership. *Id*

[3] At the time the Complaint was filed, H&K had one nonequity partner residing in Utah. He no longer has any affiliation with H&K. That former nonequity partner has not practiced law for H&K while residing in Utah; in fact, he resided in Illinois up until 2017, when he went on disability leave and stopped practicing law. At no time did this former nonequity partner have an ownership interest in H&K. *See* Chapman Decl. at ¶¶ 5-10.

18.     Based on the allegations in the Complaint, and on the kind and amount of damages Plaintiffs are seeking in the Complaint, including economic damages, special and exemplary damages, and attorneys' fees, the amount in controversy exceeds the sum of $75,000.[4]

## III.   TIMELINESS OF REMOVAL

19.     Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely, as it is being filed within thirty days after H&K received the Summons and Complaint.

20.     All Defendants consent to and join in this removal.

21.     Pursuant to 28 U.S.C. § 1446(d), H&K will promptly give written notice of this Notice of Removal to Plaintiffs and will promptly file a copy of this Notice of Removal with the Clerk of the Third Judicial District Court, Salt Lake County, State of Utah.

DATED this 21st day of July, 2020.

PARSONS BEHLE & LATIMER

*/s/ Julianne P. Blanch*
Julianne P. Blanch
John A. Snow
Tsutomu L. Johnson
*Attorneys for Holland & Knight, LLP*

---

[4] H&K does not concede that Plaintiffs are entitled to any damages or category of damages, and it expressly reserves the right to challenge the recoverability of any category or item of damages claimed by Plaintiffs in this action.

PBL\4850-5382-1377.v10-7/21/20

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2020, I caused a true and correct copy of this **NOTICE OF REMOVAL** to be filed with the Court's CM/ECF system and additionally sent a copy of the foregoing document by U.S. Mail addressed as follows:

Cameron M. Hancock
Thad D. Seegmiller
KIRTON McCONKIE
50 E. South Temple 4th Floor
Salt Lake City, Utah 84111

*Attorney for Plaintiffs*

/s/ Julianne P. Blanch